## Case No. 3,694a.

### DEACON v. SEWING MACH. CO.

[14 Reporter, 43.] [1]

Circuit Court, E. D. Pennsylvania.    June 20, 1882.

PRACTICE—SERVICE OF SUBPOENA IN EQUITY—EQUITY RULES 13 AND 15.

A service of a subpoena in equity by a person other than the marshal, unless specially appointed by the court, is bad, and will be set aside on motion.

In equity. Motion to set aside service. The affidavit of service of the subpoena showed that the subpoena had been served by a clerk.

John H. Sparhawk, Jr., and Edwin F. Pugh, for the motion, cited rules 13 and 15 of the supreme court in equity.

F. Swayne and Geo. E. Buckley, for complainant, acquiesced.

BUTLER, District Judge, in delivering the opinion of the court, said: There is no doubt that all process must be served by the marshal. Service by another person is not sufficient unless he is specially appointed under the rule of court. Motion granted.

## Case No. 3,694b.

### DEADRICK v. HARRINGTON.

[Hempst. 50.] [2]

Superior Court, Arkansas Territory.  Oct., 1827.

JUSTICE JUDGMENT—REVERSAL—FORMAL DEFECTS.

1. Unless it appears that a jury was required, and refused by the justice, the judgment will not be reversed.

2. The expression, "I give judgment," includes the technical and formal words of a judgment, and is sufficient.

Certiorari to Arkansas circuit court.

[This was a suit by J. G. Deadrick against John Harrington.]

Before JOHNSON and TRIMBLE, Judges.

OPINION OF THE COURT. This case was brought before the circuit court of Arkansas county, and certified to this court because the judge of that court had previously appeared as attorney for the plaintiff before the justice of the peace. We think it necessary to notice only two points in this case. The first point was, that it does not appear that the parties dispensed with a trial by jury. To authorize this court to reverse the judgment of the justice, we think, under the statute, it ought to appear that the plaintiff required a jury, and that it was refused. Secondly, the court are satisfied that the judgment entered by the justice is substantially good. The parties are identified, the sum is certain; and the only objection is,

that the justice has said, "I give judgment," instead of saying, "It is considered that the defendant have and recover of the plaintiff." In using the word "judgment," the justice has included the more technical and formal words. His language is sufficiently certain, at least, as much so, as if a jury should say, "We find for the defendant." Judgment affirmed.